## MARTIN A. THORN *vs.* THE CENTRAL RAILROAD COMPANY.

In a suit brought against a corporation, the *venue* should be laid in the county where their principal office is located, that being considered their place of residence; the rule applies to railroad companies where their road runs through, and their franchises are exercised in different counties.

On motion for change of *venue*.

The facts are sufficiently stated in the opinions delivered.

Argued at June Term, 1856, before Justices ELMER and POTTS; *F. T. Frelinghuysen*, for the motion, *G. H. Brown*, *contra*.

ELMER, J. It is moved, on behalf of the defendants, that the *venue* in this case, which is laid in the county of Somerset, be changed to the county of Essex, where the plaintiff resides and the cause of action arose. The summons was served on the president of the company, in the county of Somerset, and it is admitted that their road runs partly through that county, and that they have an office in it, where some part of their business is transacted, although their principal office is in the county of Essex.

No special circumstances being shown which would require us to change the *venue*, the question turns on the construction of the statute. This court has uniformly held that the *venue* in transitory actions must be laid in the county in which the cause of action arose, or the plaintiff or defendant resides at the time of instituting the action ; or if the defendant be not an inhabitant of the state, the county in which the process was served on him ; and if otherwise laid the court will change it. *Nix. Dig.* 782, § 5 ; *Worley and Welsh* v. *Scudder and Coryell*, 5 *Halst.* 231 ; *Bell* v. *Morris Canal Co.*, 3 *Green* 63.

If the defendants are to be considered, within the meaning of the act, the inhabitants of the state, the plaintiff was bound to lay his *venue* where he resided or where the

cause of action arose, and not where the process was served. The Supreme Court of the United States has decided that a corporation, for the purposes of suing and being sued in the courts of the United States, is a citizen of the state which created it; and upon similar principles, a corporation should be considered an inhabitant of the state from which it derives its charter and where its business is transacted. In the case of *Trenton Bank* v. *Haverstick*, 6 *Halst.* 171, it was held that the bank could not be deemed an absent creditor within the meaning of the second section of the attachment act.

The only other ground upon which the *venue* can be laid in Somerset, is that the defendants must be considered as residing there. It was insisted for the plaintiff, that having their road and an office, and doing some of their business there, made them residents. But this would involve the necessity of holding that a corporation, and indeed an individual, may be at the same time resident in more than one county, which we think is not the meaning of the act. As is remarked in *Bell* v. *Morris Canal Co.*, 6 *Halst.* 67, a corporation cannot be said, in strict legal language, to reside in any particular county; but we think, for the purposes of the act in question, its residence may fairly be considered as being in the place where its principal office is, as is expressly provided in cases of taxation. *Nix. Dig.* 802, § 64. The result is, that the *venue* in this case could not be legally laid in the county of Somerset, and must be changed to the county of Essex.

POTTS, J. The plaintiff has brought an action of trespass against the defendants for an alleged injury to his person and property, the result of a collision on their railroad.

The fifth section of an act relative to the Supreme and Circuit Courts (*Nixon's Dig.* 782) provides that an action merely transitory shall, at the discretion of the court, be tried in the county in which the cause of action arose, or

the plaintiff or defendant resides at the time of instituting such action, or, if the defendant be not an inhabitant of this state, in the county in which process shall have been served upon him.

The plaintiff in this case resides in Essex county, and the cause of action arose in that county. It appears, also, that the principal office of the defendants is in the same county, but their railroad is located, and their franchises exercised both in the counties of Essex and Somerset, and the plaintiff served the process upon the president of the company in Somerset, and has laid the *venue* there.

The motion is to change the *venue* to Essex, where the cause of action arose; and it is insisted that it is improperly laid in Somerset, for that the railroad company is an inhabitant of the state, but has no residence in the county of Somerset within the meaning of the statute.

It was held in the *Louisville Railroad Co.* v. *Letson*, 4 *Howard U. S. R.* 555, that a corporation created by a state is to be considered, though an artificial person, an *inhabitant* of the state in which it performs its functions, and for the purpose of suing and being sued, a citizen of that state. The only question is, whether a railroad corporation can be said to *reside*, within the meaning of the act of the legislature, in as many counties as it happens to traverse with its road, or whether, if it can properly be said to have any residence, that residence is not to be taken to be in the county where it keeps its principal office of business.

This court decided, in *The Penn. and N. J. Steamboat Co.* v. *Andrews et al.*, 3 *Halst.* 177, that a corporation created by a law of this state, and for purposes to be carried on and executed within its jurisdiction, is not a non-resident within the meaning of the statute respecting security for costs.

The point in question here has not been ruled in this state. But the course of legislation on the subject of corporations would seem to indicate that they are to be considered as having a residence where their office or place of

business is located. The act concerning corporations (*Nix. Dig.* 139, § 7,) provides that a director of a moneyed or manufacturing corporation may relieve himself from certain liabilities by publishing a notice in a newspaper in the county where the corporation has its office or place of business. So, by a supplement to the same act, (*Nix. Dig.* 139, *pl.* 8,) incorporated companies are required to keep their offices in this state, unless otherwise authorized by their charters.

In the absence of any rule prescribed there would seem to be a propriety in holding that, for the purpose of laying the *venue*, the principal office or place of business of a corporation is technically the place of residence of the corporation. Ordinarily its books are there; its directors and executive officers meet and transact its business there. Its residence may certainly be with more propriety said to be there than at any other place; and it would seem to be incongruous to hold that it is an inhabitant of the state, that it is not a nonresident, and yet has no residence in the state.

The argument of the counsel of the plaintiff, that a corporation resides wherever it exercises its franchises, may, perhaps, be applicable to a case where it has not established a technical residence, by locating its place of business within the state. In this case we think the defendants must be held to be a corporation resident in Essex county, and that the *venue*, therefore, should be changed to that county.